IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL CASE NO. 2:19-cr-42-TFM |
| | ) | |
| DURELL ANTUAN TAUNTON | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Defendant's *Motion to Review and Reverse Detention Order* (Doc. 13, filed 3/18/19) and the *Government's Response to Defendant's Motion to Review and Reverse Detention Order* (Doc. 17, filed 3/26/19). The Court held a hearing on the matter on May 6, 2019. At the hearing, the Court **DENIED** the Defendant's motion (Doc. 13) and **AFFIRMED** the decision of the Magistrate Judge. This memorandum opinion states the basis for that decision.

**I. Procedural Background**

On January 8, 2019, the grand jury returned an indictment against Defendant for allegations of possession of a firearm by a convicted felon (Count 1) and violations of the controlled substance act (Count 2). *See* Doc. 1. After Defendant's arrest, the Government timely moved to detain Defendant due to the nature of the charge against him and the flight risk he posed. *See* Doc. 4. On March 6, 2019, the Magistrate Judge conducted a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f) and after considering the evidence presented, ordered that Defendant be detained pending his criminal trial. *See* Docs. 10, 12, 14.

In addition to the testimony, proffers, and arguments made at the hearing, the Magistrate Judge considered the pretrial services report prepared by the United States Probation Office. The pretrial services report was made part of the record at the hearing. The Magistrate Judge found

that there are no conditions or combination of conditions which would reasonably assure the defendant's presence at trial and the safety of the community pending trial. *See* Docs. 12, 14.

On March 18, 2019, the Defendant appealed the magistrate judge's order. *See* Doc. 13. The hearing was transcribed and the United States responded on March 26, 2019. *See* Docs. 14, 16. A defendant whom the magistrate judge has ordered detained pending trial may move the court with original jurisdiction over the offense to revoke or amend the order of detention. 18 U.S.C. § 3145(b). The Court held another hearing, at which it heard additional testimony from Jeffrey Iomio, Terrence Marshall, Patrion Brown, Patrion Austin, and Robert Head.

## II. Decision and Analysis

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3150, governs the release or detention of a defendant pending trial. "Section 3142(e) accords the judicial officer substantial latitude in determining whether pretrial detention is appropriate." *United States v. King*, 849 F.2d 485, 487 (11th Cir. 1988). A finding that a defendant poses a flight risk or is a danger to another person or the community requires his detention pending trial. 18 U.S.C. § 3142(e)(1).

The undersigned independently examined the proceedings before the Magistrate Judge, including the transcript of the detention hearing and the pretrial services report, as well as the post-detention arguments and evidence presented at the second hearing.

Having conducted this *de novo* review, the Court also finds that the factors enumerated in 18 U.S.C. § 3142(g) clearly warrant Defendant's detention. § 3142(g)(1) requires the Court to consider "the nature and circumstances of the offense[s] charged." Taunton is charged with offense involving controlled substances and firearms. More importantly, the Court takes very seriously the possibility that if Taunton is in possession of a gun when he becomes explosively angry, grave consequences would likely ensue. In light of the circumstances presented, the charges

weigh significantly in favor of detention.

Next, under §3142(g)(2), the Court considers the weight of the evidence against the Defendant. As he is a felon (as noted extensively in the pretrial services report) and in possession of a firearm at the time of the incident and attempted to dump the weapon (that was retrieved) as noted in the testimony presented that the detention hearing, it appears (at first blush) that he is guilty of at least one count of the indictment. Even by Defense's own witness (Taunton's then and current girlfriend), testimony established that after an altercation, she heard a loud pop indicative of the firing of a gun. Therefore, this factor also weighs in favor of detention.

Third, § 3142(g)(3) requires the Court to consider "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." Taunton has an extensive history of violence including threatening family members by brandishing a weapon when becoming angry. He also has a history of attempts to flee police when pursued – including damage to property and endangering person during the attempts.

This brings the Court to the fourth requirement of § 3142(g)(4) which states "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Though Taunton's girlfriend (and alleged victim in the underlying allegation) has reconciled with the Defendant and wishes for him to return home, the Court cannot overlook that when Taunton gets angry, he takes it out on his family members or those close to him – as demonstrated by his criminal history. Together the third and fourth factors also weigh heavily in favor of continued detention.

While the Defense notes about the gap in his criminal history and attempts to paint March

2018 as some sort of aberration, the Court cannot overlook the similarities to his prior crimes. Additionally, Defense counsel notes the Defendant surrendered to the Marshals when informed about the instant arrest warrant. While commendable, it does not negate a number of instances of flight where he endangered himself, law enforcement, and the community around him.

The Court finds the Government carried its burden of showing by clear and convincing evidence that the Defendant is likely to pose a harm to the community and that it proved by a preponderance of the evidence that Defendant is a flight risk.

### III. Conclusion

For the foregoing reasons, it is **ORDERED** that Defendant's motion (Doc. 13) under 18 U.S.C. § 3145(b) for revocation of the Magistrate Judge's Order is **DENIED** and the Magistrate Judge's Order of detention (Doc. 12, 14) is **ADOPTED** and **AFFIRMED**.

Defendant shall remain in the custody of the Attorney General for confinement without bond pending a final disposition in this case. He shall be kept in a corrections facility separate, to the extent possible, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be provided reasonable opportunity for private consultation with his counsel. Finally, on order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the person is confined deliver the person to a United States marshal for the purpose of an appearance in connection with a court proceeding.

**DONE** and **ORDERED** this 9th day of May, 2019.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE